# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | **THIRD AMENDED JUDGMENT IN A CRIMINAL CASE** |
| | CASE NUMBERS: 8:04-cr-374-T-30AEP, 8:09-cr-83-T-30MAP, and 8:09-cr-149-T-30TBM |
| | USM NUMBER:    06677-004 and 55788-279 |
| vs. | |
| FABIO ENRIQUE OCHOA-VASCO | Defendant's Attorney:    Roy J. Kahn, ret. |

THE DEFENDANT:

__X__ pleaded guilty to Count ONE of the Indictment in Case No.: 8:04-cr-374-T-30AEP, Count ONE of the Superseding Indictment in Case No.: 8:09-cr-83-T-30MAP, and Count THREE of the Indictment in Case No.: 8:09-cr-149-T-30TBM

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 21 U.S.C. §§ 963 and 960(b)(1)(B)(ii) | Conspiracy to Import 5 Kilograms or More of Cocaine | September 9, 2004 | One (Case No.: 8:04-cr-374-T-30AEP) |
| 21 U.S.C. §§ 952 and 963 | Conspiracy to Import Cocaine into the United States | July 1986 | One (Case No.: 8:09-cr-83-T-30MAP) |
| 21 U.S.C. §§ 952(a) and 963 | Conspiracy to Import 5 Kilograms or More of Cocaine and 1,000 Kilograms or More of Marijuana into the United States | October 21, 1987 | Three (Case No.: 8:09-cr-149-T-30TBM) |

The defendant is sentenced as provided in pages 2 through 6 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

__X__ Counts TWO and THREE of the Indictment in Case No.: 8:04-cr-374-T-30AEP, Counts TWO through NINETEEN of the Superseding Indictment and the underlying Indictment in Case No.: 8:09-cr-83-T-30MAP, and Count TWELVE of the Indictment in Case No.: 8:09-cr-149-T-30TBM are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.
If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in economic circumstances.

Date of Imposition of Sentence: June 2, 2010

*/s/ James S. Moody, Jr.*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

DATE:    June 25, 2020

AO 245B (Rev 06/05) Sheet 2 - Imprisonment (Judgment in a Criminal Case)

Defendant:     FABIO ENRIQUE OCHOA-VASCO                    Judgment - Page 2 of 6
Case No.:      8:04-cr-374-T-30AEP, 8:09-cr-83-T-30MAP, and 8:09-cr-149-T-30TBM

## IMPRISONMENT

After considering the advisory sentencing guidelines and all of the factors identified in Title 18 U.S.C. §§ 3553(a)(1)-(7), the court finds that the sentence imposed is sufficient, but not greater than necessary, to comply with the statutory purposes of sentencing.

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of ONE HUNDRED and EIGHT (108) MONTHS. This term consists of terms of 108 MONTHS as to Count One of the Superseding Indictment in Case No.: 8:09-cr-83-T-30MAP, and 108 MONTHS each as to Count Three of the Indictment in Case No.: 8:09-cr-149-T-30TBM and Count One of the Indictment in Case No.: 8:04-cr-374-T-30AEP, all such terms to run concurrently.

__X__   The court makes the following recommendations to the Bureau of Prisons: The defendant shall be placed in a correctional facility located in the state of Florida.

__X__   The defendant is remanded to the custody of the United States Marshal.
____   The defendant shall surrender to the United States Marshal for this district.

   ____ at ____ a.m./p.m. on ____.
   ____ as notified by the United States Marshal.

____ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.

   ____ before 2 p.m. on _____.
   ____ as notified by the United States Marshal.
   ____ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ to
_____ at _____
_____, with a certified copy of this judgment.

_____
United States Marshal

                                                By:_____
                                                                              Deputy
_____
United States Marshal

Defendant:     FABIO ENRIQUE OCHOA-VASCO                                   Judgment - Page __3__ of __6__
Case No.:      8:04-cr-374-T-30AEP, 8:09-cr-83-T-30MAP, and 8:09-cr-149-T-30TBM

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 5 YEARS (total). This term consists of a TWO (2) YEAR term as to Count One of the Superseding Indictment in Case No.: 8:09-cr-83-T-30MAP, and FIVE (5) YEARS each as to Count Three of the Indictment in Case No.:8:09-cr-149-T-30TBM and Count One of the Indictment in Case No.: 8:04-cr-374-T-30AEP, all such terms to run concurrently.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime. The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

__X__   The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

__X__   The defendant shall cooperate in the collection of DNA as directed by the probation officer.

If this judgment imposes a fine or restitution it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 06/05) Sheet 3C - Supervised Release (Judgment in a Criminal Case)
___

Defendant:    FABIO ENRIQUE OCHOA-VASCO            Judgment - Page __4__ of __6__
Case No.:     8:04-cr-374-T-30AEP, 8:09-cr-83-T-30MAP, and 8:09-cr-149-T-30TBM

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

__X__    The defendant shall participate in a substance abuse program (outpatient and/or inpatient) and follow the probation officer's instructions regarding the implementation of this court directive. Further, the defendant shall be required to contribute to the costs of services for such treatment not to exceed an amount determined reasonable by the Probation Officer's Sliding Scale for Substance Abuse Treatment Services. During and upon completion of this program, the defendant is directed to submit to random drug testing.

__X__    Should the defendant be deported, he shall not be allowed to re-enter the United States without the express permission of the appropriate governmental authority.

__X__    The defendant shall cooperate in the collection of DNA as directed by the probation officer.

__X__    The mandatory drug testing provisions shall apply pursuant to the Violent Crime Control Act. The Court orders random drug testing not to exceed 104 tests per year.

AO 245B (Rev 06/05) Sheet 5    - Criminal Monetary Penalties (Judgment in a Criminal Case)

Defendant:   FABIO ENRIQUE OCHOA-VASCO                                 Judgment - Page __5__ of __6__
Case No.:    8:04-cr-374-T-30AEP, 8:09-cr-83-T-30MAP, and 8:09-cr-149-T-30TBM

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

**Assessment**                                                                                        **Fine**

**Totals:** $200.00 ($100 as to 04-cr-374; $50 each as to 09-cr-83 and 09-cr-149)      $25,000 (as to 04-cr-374)

____    The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

____    The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Totals:   $ | $ | | |

__  Restitution amount ordered pursuant to plea agreement    $ _____.

__  The defendant must pay interest on a fine or restitution of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

__  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   __  the interest requirement is waived for the fine restitution.

   __  the interest requirement for the fine restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for the offenses committed on or after September 13, 1994, but before April 23, 1996.

Defendant:     FABIO ENRIQUE OCHOA-VASCO                           Judgment - Page __6__ of __6__
Case No.:      8:04-cr-374-T-30AEP, 8:09-cr-83-T-30MAP, and 8:09-cr-149-T-30TBM

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A.  __X__      Lump sum payment of $ _25,200 (Fine - $25,000 as to 04-cr-374; Special Assessment - 200.00 ($100 as to 04-cr-374; $50 each as to 09-cr-83 and 09-cr-149)_ due immediately, balance due

               _____ not later than _____, or

               _____ in accordance ____ C, ____ D, ____ E or ____ F below; or

B.  _____      Payment to begin immediately (may be combined with ___ C, ___ D, or ___ F below); or

C.  _____      Payment in equal (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ days (e.g., 30 or 60 days) after the date of this judgment; or

D.  _____      Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____, (e.g., months or years) to commence _____ (e.g. 30 or 60 days) after release from imprisonment to a term of supervision; or

E.  _____      Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time, or

F.  _____      Special instructions regarding the payment of criminal monetary penalties:


Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

__      Joint and Several

        Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate:


__      The defendant shall pay the cost of prosecution.

__      The defendant shall pay the following court cost(s):

_X_     The defendant shall forfeit the defendant's interest in the following property to the United States:

        Attached is Order Vacating Final Judgment of Forfeiture as to Certain Real Property and for Final Judgment of Forfeiture for $78,500.00 in lieu of Real Property entered at Dkt. 509 in Case No.: 8:04-cr-374-T-30AEP.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                               Case No. 8:04-cr-374-T-30AEP

FABIO ENRIQUE OCHOA-VASCO

**ORDER VACATING FINAL JUDGMENT OF
FORFEITURE AS TO CERTAIN REAL PROPERTY AND FOR FINAL
JUDGMENT OF FORFEITURE FOR $7,500.00 IN LIEU OF REAL PROPERTY**

THIS CAUSE comes before the Court upon the filing of the Motion by the United States of America to vacate the Final Judgment of Forfeiture (Doc. 508) for the following real property:

> The real property, including all improvements thereon and appurtenances thereto, located at 10340 S.W. 154th Place, # 41, Miami, Florida, and titled to ANASTASHA OCHOA, with an approximate value of $130,000.00, which is legally described as follows:
>
> Unit No. 41, in Building 7, of the CHATEAUBLEU AT THE HAMMOCKS, PHASE I, a Condominium according to the Declaration thereof, as recorded in Official Records Book 12640, Page 1895, as amended, of the Public Records of Miami-Dade County, Florida.

The United States further moved the Court, pursuant to 21 U.S.C. § 853(n)(7) and Fed. R. Crim. P. 32.2(c)(2), to enter a Final Judgment of Forfeiture for $7,500.00 in lieu of the real property identified above, representing the defendant's equity in the property.

Being fully advised in the premises, the Court finds that on April 9, 2012, pursuant to the provisions of 21 U.S.C. § 853(n)(7) and Rule 32.2(c)(2), a Final Judgment of Forfeiture for Specific Property was entered, which included the real property identified above. Doc. 485.

The Court further finds that after the Final Judgment of Forfeiture was entered, the United States learned of Northstar Mortgage Investments, Inc. (Northstar), a lienholder which was without knowledge of the United States' interest in the property at the time it secured a mortgage.

The Court further finds that the United States is satisfied that Northstar is a bona fide purchaser for value and was, at the time of the loan transaction, without knowledge, consent, or willful blindness of any criminal activity regarding the property. As such, the United States accepted $7,500.00 from Northstar in lieu of the defendant's interest in the real property. The $7,500.00 represents the defendant's equity in the property. Therefore, the United States no longer has any right, title or interest in the real property. Accordingly, it is hereby

ORDERED, ADJUDGED, and DECREED that for good cause shown, the United States' motion (Doc. 508) is GRANTED.

It is FURTHER ORDERED that the Final Judgment of Forfeiture for Specific Property entered by this Court on April 9, 2012, is vacated as to the real property identified above. The remainder of the Final Judgment of Forfeiture for Specific Property shall remain in full force and effect.

2

It is FURTHER ORDERED that pursuant to the provisions of 21 U.S.C. § 853(n)(7) and Rule 32.2(c)(2), all right, title and interest in $7,500.00 in lieu of the real property, identified above, is CONDEMNED and FORFEITED to the United States for disposition according to law.

Clear title to the $7,500.00 is now vested in the United States of America.

**DONE** and **ORDERED** in Tampa, Florida on February 7, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies to:
Parties/Counsel of Record

S:\Even\2004\04-cr-374.Order Vacating508.wpd

3